UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELLIOTT JAMES SCHACKMAN and CLAUDIA
ASTUDILLO AGUIRRE,

        Plaintiffs,

        v.

ANDREW BABIN, et al.,

        Defendants.

Case No. 23-1214-HLT-BGS

**MEMORANDUM & ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

        This matter comes before the Court on Plaintiffs Elliott James Schackman and Claudia Astudillo Aguirre's Motion to Appoint Counsel. (Doc. 5). After reviewing the motion, the Court **DENIES** Plaintiffs' motion for the reasons stated herein.

        The Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

        The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado*

1

*Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Under the first factor, the Court has no reason to doubt their inability to afford counsel and notes that Plaintiffs were previously given leave to proceed *in forma pauperis*.  (Doc. 6).  The second factor relates to the Plaintiffs' diligence in searching for counsel.  The Plaintiffs must show that they "made a reasonably diligent effort under the circumstances to obtain an attorney" *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022).  The Court typically requires the movant to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021).  Here, the Plaintiffs listed six attorneys or firms they contacted to include attorneys located in the Western Kansas area as well as Kansas Legal Services.  It appears that Plaintiffs have been seeking representation for some time with the dates of contact ranging from June 20, 2022, to September 25, 2023.  Plaintiffs indicated they have not heard back from the attorneys or were told the attorneys were unable to pursue representation.  For the purposes of this motion, the Court finds that the Plaintiffs were reasonably diligent in seeking an attorney.

The next factor is the viability of Plaintiffs' claims in federal court.  *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  Plaintiffs brings several constitutional claims, including a § 1983 claim, alleging they were victims of unlawful detainment, an illegal search, and an illegal arrest.  The Court has reviewed the complaint and concludes that the Plaintiffs may have a

colorable claim, however, express no opinion as to the ultimate merit of those claims.  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The final factor is Plaintiffs' capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to the complexity of the legal issues and the Plaintiffs' ability to gather and present crucial facts.  *Id.* at 1422.  The core of Plaintiffs' argument is apparently that due to the outrageous behavior of the Defendants, the Court should appoint them an attorney to help prosecute the claims.  They also state that they have allegedly suffered damages and criminal prosecution as a result of Defendants' actions.  The Court understands that the Plaintiffs feel like they have meritorious claims and deserve an attorney to help represent them, but that, by itself, is not a basis for the Court to appoint an attorney.

While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiffs are not trained as an attorney, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 5) is **DENIED**.

**SO ORDERED.**

Dated October 11, 2023, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

3